IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 01-02 Erie |
| | ) | |
| MTU AKILI | ) | |

## Memorandum Order

Presently before the Court is Mtu Akili's *pro se* "Motion For an Updated PSR Pursuant to Rule 36, Correction of Clerical Error," ECF No. 74, and his "Supplemental Motion to Rule 36, Correction of Clerical Error," ECF No. 75. In his motions, Mr. Akili seeks to have the Court change how two of his convictions were reported and counted in his Presentence Report. He then avers if we make these changes it would mean that Mr. Akili was erroneously designated as a Career Offender.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36.

Mr. Akili explains that he is not seeking to be resentenced nor is he seeking a correction of our legal determination that he qualifies as Career Offender. Instead, he states that he is only seeking a correction. Despite Mr. Akili's framing of his request as a correction of a clerical error, he is seeking a legal determination as to whether he qualifies as a Career Offender.

First, we are without jurisdiction to entertain a legal challenge to Mr. Akili's criminal history contained in his Presentence Report. The time for challenging the Report has long passed.

In addition, we are not permitted under Rule 36 to make a substantive change such as the one Mr. Akili requests. Rule 36 does not apply to substantive changes to a judgment; it only applies to clerical errors in the judgment or order, or to errors of omission in the record. United States v. Bennett, 423 F.3d 271, 278 (3d Cir.2005).

Finally, we disagree with Mr. Akili's contention that there was an error in the reporting of his convictions at Paragraphs 31 and 32 of the Report. He argues that the two convictions should have been counted as one conviction; however, it is clear that the Report correctly counted the convictions as separate. The crimes occurred on different days and were not related. In one conviction he was charged with possession with intent to distribute cocaine on October 20, 1993. In the other conviction he was charged with Armed Bank Robbery, Conspiracy to Commit Armed Bank Robbery, and related firearms charges for events occurring between July 22, 1993 and December 15, 1993. The fact that the two convictions were tried together or that evidence of drugs and evidence of an armed bank robbery were discovered during the same search is not evidence that the convictions are related. Thus, we would have denied a challenge to the scoring of these convictions in the Presentence Report had it been timely raised.

Accordingly, the following Order is hereby entered.

AND NOW, this 28th day of March, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's "Motion For an Updated PSR Pursuant to Rule 36, Correction of Clerical Error," ECF No. 74, and his "Supplemental Motion to Rule 36, Correction of Clerical Error," ECF No. 75, be and hereby are DENIED.

/s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: Mr. Mtu Akili, pro se
NO. 35039-060
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263